IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CARRIE HART, Personal Representative
of the ESTATE OF JAMES BOURELLE,
deceased,

        Plaintiff,

        v.

CURRY COUNTY, a municipal corporation,
by and through the Curry County Sheriff's
Office; STATE OF OREGON, by and through
the OREGON STATE POLICE; THE CITY
OF BROOKINGS, OREGON, by and through
the Brookings Police Department; and JOHN
DOE LAW ENFORCEMENT

        Defendants.

_____

Case No. 1:25-cv-01217-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Plaintiff Carrie Hart, as representative of the Estate of James Bourelle, brings claims of constitutional and state law violations against Defendants Curry County, City of Brookings, Oregon State Police ("OSP"), and John Doe Law Enforcement Officers ("Defendant Does"). Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Because Plaintiff fails to sufficiently state a constitutional violation, Defendants' Motion to Dismiss is GRANTED. Plaintiff's Request to Stay is DENIED.

## BACKGROUND

On June 17, 2023, Jon Bourelle was arrested for murdering his father, James Bourelle. Pl.'s

1 OPINION AND ORDER

Compl. 5, ECF No 1. Plaintiff alleges that Defendant Doe Law Enforcement Officers "may have" interacted with Jon Bourelle before the murder. *Id*. Plaintiff further alleges that Defendant Does "may have" witnessed behavior by Jon Bourelle that would put Defendant Does on notice that he was an obvious threat to himself and others. *Id.* Nevertheless, Defendant Does did not detain Jon Bourelle. *Id*. at 6.

Plaintiff alleges that, at the time of James Bourelle's death, Defendants Curry County and City of Brookings had policies, practices, or customs that did not require their law enforcement officers to take individuals into custody who appear intoxicated, experiencing a mental health crisis, or a danger to themselves or others, as required by ORS §§ 430.399 and 426.228. *Id*. at 6.

## STANDARDS

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). In other words, there must exist more than "a scintilla of evidence" to support the non-moving party's claims, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); conclusory assertions

2 OPINION AND ORDER

will not suffice. *Thornhill Pub. Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**DISCUSSION**

Plaintiff brings four claims against different combinations of Defendants: (1) a Fourteenth Amendment violation under 42 U.S.C. § 1983 against individual Doe Defendants; (2) a *Monell* claim against Defendants Curry County and City of Brookings; (3) wrongful death under Oregon state law against all Defendants; and (4) negligence against all Defendants.

Defendants argue Plaintiff's claims should be dismissed because she fails to state claims upon which relief can be granted. Def. OSP Mot. 2, ECF No. 14; Defs. Curry County and City of Brookings Mot. 2, ECF No. 17. In the alternative, Defendants argue the Court should find Plaintiff's claims are time-barred. *Id*. Finally, Defendants City of Brookings and Curry County ask this Court to strike Plaintiff's claims for attorney fees under ORS § 20.107. Defs. Curry County and City of Brookings Mot. 2.

Because Plaintiff fails to present factual allegations sufficient to state § 1983 claims, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims, Plaintiff's claims are dismissed.[1]

I.    **Procedural Due Process and Equal Protection**

Plaintiff brings her first §1983 claim against Defendant Does in their individual capacities. Compl. 7. She argues that Defendant Does violated James Bourelle's constitutional right to procedural due process and equal protection by not detaining a plainly incapacitated or mentally unwell Jon Bourelle prior to the murder of James, in defiance of ORS §§ 430.399 and 426.228. *Id*.

To bring a § 1983 claim against individuals, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and show that the alleged deprivation

---

[1] Since Plaintiff's claims are dismissed, this Court does not discuss Defendants' Motion to Strike Plaintiff's claims for attorney fees under ORS 20.107.

3 OPINION AND ORDER

was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's § 1983 claim fails under both her procedural due process and equal protection theories.

## A. Procedural Due Process

The Due Process Clause protects individuals against deprivations of liberty. A liberty interest "may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (internal citations and quotation marks omitted). Once a state statutorily creates such an interest, it may not deprive an individual of it without adequate process. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam). Plaintiff argues that ORS § 430.399 creates a "liberty interest for James Bourelle to be free from harm by incapacitated persons or persons in mental health crisis with whom police have had the opportunity to detain or otherwise take into custody before they can harm other people." Compl. 7. This Court disagrees.

The full text of ORS § 430.399 states:

> Any person who is intoxicated or under the influence of controlled substances in a public place may be sent home or taken to a sobering facility or to a treatment facility by a police officer. If the person is incapacitated, the person shall be taken by the police officer to an appropriate treatment facility or sobering facility. If the health of the person appears to be in immediate danger, or the police officer has reasonable cause to believe the person is dangerous to self or to any other person, the person shall be taken by the police officer to an appropriate treatment facility or sobering facility. A person shall be deemed incapacitated when in the opinion of the police officer the person is unable to make a rational decision as to acceptance of assistance.

ORS § 426.228 is a similar statute that states a "peace officer *may* take into custody a person who the officer has probable cause to believe is dangerous to self or to any other person and is in need of immediate care[.]" (emphasis added).

Neither statute creates liberty interests protected by the Fourteenth Amendment's Due Process Clause. A state law may create a liberty interest protected by due process if the statute contains (1) substantive predicates governing official decision-making and (2) explicitly

mandatory language identifying the result that must occur if the substantive predicates are met. *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995). The language in ORS §§ 430.399 and 426.228 does not include substantive predicates or mandatory outcomes; the statutes allow for tremendous law enforcement discretion. *See Grainger v. Ensley*, 2019 WL 1997485, at *3–5 (D. Or. Feb. 15, 2019) (thoroughly analyzing why a violation of ORS § 430.399 does not create a liberty interest protected by the Due Process Clause) (reasoning adopted by this Court in 2019 WL 1993530); *see also James v. Rowland*, 606 F.3d 646, 657 (9th Cir. 2010) (finding California state statutes without substantive predicates or mandatory outcomes did not create a liberty interest that can be vindicated through a § 1983 claim).

Moreover, the Due Process Clause generally does not create a duty for state actors to protect individuals from third parties. *Morgan v. Gonzales*, 495 F.3d 1084, 1093 (9th Cir. 2007). Exceptions to this rule exist when (1) the government enters into a special relationship with a party or (2) the government creates the danger that harmed a party. *Id*. Plaintiff alleges no facts that suggest Defendant Does acted in a manner that would ignite either exception.

Because neither ORS § 430.399 nor § 426.228 creates a liberty interest protected by the Due Process Clause, Plaintiff's § 1983 claim against Defendant Does fails to state a claim upon which relief may be granted. This Court dismisses Plaintiff's claim under a due process theory.

## B. Equal Protection

To state an equal protection claim under § 1983, a plaintiff must show that "defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff makes no effort to argue this theory beyond a one-time reference to "equal protection[.]" Compl. 8. Because Plaintiff does not allege any facts regarding James Bourelle being a member of a protected class

or that Defendants acted with an intent to discriminate, her § 1983 claim is dismissed under an equal protection theory as well.

## II.    *Monell* Liability

Plaintiff also brings a *Monell* claim against Defendants Curry County and the City of Brookings. Compl. 8. She argues that these Defendants violated James Bourelle's constitutional right to due process by "adopting or engaging in a policy, custom or practice of non-enforcement of ORS § 430.399 and ORS § 426.228[.]" *Id*. She also alleges Defendants Curry County and City of Brookings failed to train their staff to fulfill the "duties required of police officers by ORS § 430.399 and ORS § 426.228" and for "making the deliberate choice to endorse and ratify the unconstitutional conduct" of Defendant Does. *Id*. Because Plaintiff does not adequately state an underlying constitutional violation, her *Monell* claim is dismissed.

A local government can be held liable under § 1983 when it has a policy, custom, or usage that is a moving force behind a violation of a constitutional right. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). Foundational to any *Monell* claim is the allegation that a plaintiff's constitutional right was violated.

As discussed above, Plaintiff does not sufficiently allege that James Bourelle had a constitutional right to be free from danger caused by a third party who was not detained by Defendants under ORS § 430.399 or § 426.228. A *Monell* claim collapses without a constitutional violation. *See Gonzalez v. City of Federal Way*, 299 Fed. App'x 708, 710 (9th Cir. 2008) (affirming the district court's dismissal of a plaintiff's *Monell* claim where no constitutional violation existed). Plaintiff's claim is dismissed for failing to allege the necessary *Monell* elements.

## III.    State Law Claims

Plaintiff also brings state law claims of wrongful death and negligence against all

Defendants. Compl. 9–10. Defendants ask this Court to decline supplemental jurisdiction over Plaintiff's state law claims if the § 1983 claims are dismissed. Because the only claims against Defendants over which this Court has original jurisdiction have been dismissed, this Court declines to exercise supplemental jurisdiction over the remaining state law claims.

A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). In deciding whether to exercise supplemental jurisdiction over state law claims, the Court considers values of "[j]udicial economy, convenience, fairness, and comity." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). A state court is likely a fair and convenient venue for Plaintiff to litigate her state law claims. Moreover, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id*. Resultantly, this Court declines to exercise supplemental jurisdiction and dismisses her state law claims without prejudice.

## IV.    **Statute of Limitations**

Finally, Defendants argue that even if Plaintiff properly states claims, they are barred by the statute of limitations. Def. OSP Mot. 2; Defs. Curry County and City of Brookings Mot. 2. For § 1983 claims, federal courts look to the applicable state's statute of limitations for personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Oregon has a two-year time limit for personal injury actions. ORS § 12.110; *J.M. v. Oregon Youth Authority*, 364 Or. 232, 236 (2019). Similarly, Oregon has a two-year limitations period for which to bring tort claims against a public body. ORS § 30.275. Because the Complaint on its face does not affirmatively show that her claims are time-barred, Defendants' Motions to Dismiss for that reason are denied.

While state law determines the period of limitations, federal law determines when the clock

starts for a cause of action. *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022) (citations and quotation marks omitted). A § 1983 claim accrues when the plaintiff knows or should know of the injury which is the basis for the action. *Id*.

Defendants argue that all of Plaintiff's claims are time barred because more than two years passed between the date Defendants allegedly engaged with James Bourelle (June 17, 2023) and when Plaintiff filed her Complaint (July 11, 2025). OSP Mot. 2; Defs. City of Brookings and Curry County Mot. 3–5. Plaintiff counters that the statute of limitations clock has yet to start because she "does not know whether Jon Bourelle interacted with police" before Jon murdered James Bourelle. Pl. Resp. 5, ECF No. 18. Both parties miss the mark. The crucial question in determining an accrual date is when Plaintiff *knew or should have known* about the alleged injury.

The accrual date of Plaintiff's claims is undeterminable based on the Complaint alone. "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). A court should not dismiss a claim based on a statute of limitations if a plaintiff could allege a set of facts establishing the timeliness of the claim. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).

It is apparent that Plaintiff alleges the injury occurred on June 17, 2023 when Defendants may have interacted with Jon Bourelle. Compl. 5. However, it is less clear when Plaintiff *learned* or *should have learned* about the injury. She alleges she heard about the possible June 17 interaction "sometime after Jon Bourelle was indicted" but does not specify when she gained that information. *Id*. 2. And it is reasonable for Plaintiff to have not known about the alleged interaction the day it occurred. Because Plaintiff could amend her Complaint to allege facts that would make

8 OPINION AND ORDER

her claims timely, dismissal based on statute of limitations is not appropriate at this stage.

## V.    Denial of Motion to Stay

Finally, Plaintiff requests to stay this matter until a related criminal matter is resolved. Pl.'s Resp. Mot. 6. In reaching its decision on the motion, a court exercises its inherent power to control its docket in a manner that will "promote economy of time and effort for itself, for counsel, and for litigants." *CMA, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Since Plaintiff's claims have been dismissed for failing to state a claim, the request is denied.

## CONCLUSION

Because Plaintiff fails to sufficiently plead § 1983 and *Monell* claims, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims, Defendants' Motions to Dismiss (ECF Nos. 14, 17) are GRANTED. Plaintiff's claims are dismissed without prejudice. Plaintiff's request to stay is DENIED.

IT IS SO ORDERED.

DATED this 19th day of February 2026.

_____/s / Michael McShane_____
Michael J. McShane
United States District Judge